PRESENT: All the Justices[1]

ROBERT LEE SMALLWOOD

v. Record No. 200803

COMMONWEALTH OF VIRGINIA

OPINION BY
JUSTICE CLEO E. POWELL
JANUARY 13, 2022

FROM THE COURT OF APPEALS OF VIRGINIA

Robert Lee Smallwood ("Smallwood") appeals the decision of the Court of Appeals

affirming the revocation of his deferred disposition and conviction for possession of heroin due

to his failure to pay court costs.

## I. BACKGROUND

On January 1, 2015, Smallwood was arrested for possession of heroin. Smallwood was

subsequently determined to be indigent and was thereupon appointed counsel. On May 31,

2016, Smallwood entered into a plea agreement (the "Plea Agreement") with the Commonwealth

wherein Smallwood would plead guilty to possession of heroin in contemplation of receiving "a

statutory first-offender disposition pursuant to [Code § 18.2-251.]"[2] The Plea Agreement further

specified that Smallwood would be subject to certain terms and conditions. Specifically,

Smallwood agreed to "pay all court costs and the costs of any programs as ordered by [his]

probation officer." The Plea Agreement went on to state that, upon fulfillment of the terms and

conditions, the circuit court shall dismiss the charge against Smallwood.

---

[1] Chief Justice Lemons presided and participated in the hearing and decision of this case prior to the effective date of his retirement as Chief Justice on December 31, 2021. Justice Goodwyn was sworn in as Chief Justice effective January 1, 2022.

[2] The Plea Agreement actually cites Code § 18.2-251.1. This appears to be a scrivener's error, as Code § 18.2-251.1 addresses possession of medical marijuana, whereas Code § 18.2-251 addresses deferred dispositions for first time drug offenders.

At a hearing on that same day, the circuit court accepted Smallwood's guilty plea and found the facts sufficient for a finding of guilt. The circuit court deferred its finding for one year, subject to the terms and conditions listed in the plea agreement. Although the circuit court recited some of the terms and conditions in the Plea Agreement, it did not specifically mention the payment of court costs. Additionally, the circuit court entered an order titled "Terms and Conditions of Suspension of Sentence," though no sentence, suspended or otherwise, had been imposed. The order specifically required that Smallwood pay "[t]he costs of prosecution."

Smallwood was also required to sign a payment agreement plan (hereafter, "Form CC-1379") wherein he agreed to pay his court costs by May 30, 2017. Form CC-1379 included a provision stating:

> if the fines, costs, forfeitures, restitution, penalties, and/or interest are not paid in full by the date ordered, that the Court shall proceed according to the provisions of Virginia Code § 19.2-358, which state that a show cause summons or capias for my arrest may be issued.

On October 18, 2016, the circuit court memorialized its acceptance of the Plea Agreement in a written order (the "Deferral Order"). The Deferral Order noted that the circuit court had found the evidence sufficient for a finding of guilt but withheld formal adjudication of guilt and placed Smallwood on supervised probation for one year "in accordance with Virginia Code § 18.2-251 (First Offender) upon all of the usual terms and conditions of probation and upon the additional terms and conditions as imposed in open Court and as reflected in the transcript of these proceedings." The Deferral Order also stated, "[a]s special conditions of his suspended sentence, the defendant shall . . . Pay the costs on a schedule to be determined by the probation officer" and further provided that the matter was continued for a year, to May 30, 2017, for review. The Deferral Order was endorsed by the Commonwealth, but not by Smallwood.

2

Smallwood was released from incarceration in November 2016.[3]  At a May 30, 2017 hearing the parties agreed to delay review of the matter until November 13, 2017, to give Smallwood a full year to comply with the terms of the Deferral Order.  In granting the extension, the circuit court asked Smallwood, "you do understand that whatever terms of the Plea Agreement you had you do need to complete them by that date, including the paying of costs," to which Smallwood responded, "Yes, sir."  Smallwood went on to state, "Everything will be completed."

At the November 13, 2017 hearing, the circuit court noted that Smallwood had fulfilled all of the terms and conditions of the Deferral Order except for the payment of court costs which now totaled $1,338.03.  Smallwood again asked for more time in light of his substantial compliance with the Deferral Order.  The circuit court inquired about Smallwood's income, to which he replied that he was making $590 per week. He also informed the circuit court that he owed $167 each week in child support payments, and he paid $500 per month in rent.  The circuit court and the Commonwealth then agreed to an additional one-year continuance.  The circuit court then admonished Smallwood, stating "Just so I that am clear[,] I expect it to be paid in full when we review it" in November 2018.  The circuit court also informed Smallwood that he would need to be paying approximately $110 per month to satisfy his obligations.

At the November 14, 2018 hearing, the Commonwealth noted that Smallwood had not made any payments on his court costs.  Smallwood confirmed that he had not made any payments, stating "I just haven't had the money yet."  The circuit court asked whether there was any reason not to find him guilty and sentence him today, and Smallwood responded he was unable to pay.  After noting that payment of court costs was "part of the Plea Agreement," the

---

[3] Smallwood was being held on other, unrelated charges.

circuit court found that he "had not complied with the terms of the deferred disposition," and adjudicated him guilty as charged.

In his written objections, Smallwood argued the special conditions the court imposed were conditions precedent to a suspended sentence, not to deferral or dismissal, and that violation of those conditions could not provide a basis for conviction. He contended that the conviction was ultra vires, in that it violated federal and state constitutional principles and Code § 18.2-251. In a subsequent hearing, Smallwood argued he could not be convicted due to his failure to pay costs because he was indigent. At the same time, however, he acknowledged that he had not raised that issue when he entered into the Plea Agreement. After considering the matter, the circuit court upheld its previous ruling and found Smallwood guilty. The circuit court then sentenced Smallwood to two years' imprisonment, all suspended.

Smallwood appealed the matter to the Court of Appeals. The Court of Appeals ruled that, because Code § 18.2-251 gives a judge discretion to place a defendant on probation subject to terms and conditions, a judge may impose terms and conditions in addition to those set forth in the statute. The Court of Appeals concluded that the payment of court costs was a term or condition authorized by Code § 18.2-251 and, therefore, the circuit court had not erred. The Court of Appeals also noted that the alternative, i.e., that Smallwood could remain in a perpetual state of deferral for as long as the cost were unpaid, was absurd. With regard to Smallwood's constitutional argument, the Court of Appeals pointed out that he was not convicted for his inability to pay court costs, he was convicted for his possession of heroin.

Smallwood appeals.

II.  ANALYSIS

On appeal, Smallwood initially argues that revoking his deferred disposition and convicting him of possession of heroin due to his failure to pay court costs violated due process, equal protection and fundamental fairness under the Fourteenth Amendment.  In raising this argument, Smallwood relies on the United States Supreme Court's decision in *Bearden v. Georgia*, 461 U.S. 660 (1983).  According to Smallwood, *Bearden* holds that, prior to convicting him, the circuit court was required to find that there was no legitimate reason for his failure to pay costs.  He insists that, absent such a finding, the circuit court was required to simply continue his deferred disposition.

In *Bearden*, the United States Supreme Court held:

> in revocation proceedings for failure to pay a fine or restitution, a sentencing court must inquire into the reasons for the failure to pay.  If the probationer willfully refused to pay or failed to make sufficient bona fide efforts legally to acquire the resources to pay, the court may revoke probation and sentence the defendant to imprisonment within the authorized range of its sentencing authority.  If the probationer could not pay despite sufficient bona fide efforts to acquire the resources to do so, the court must consider alternate measures of punishment other than imprisonment.  Only if alternate measures are not adequate to meet the State's interests in punishment and deterrence may the court imprison a probationer who has made sufficient bona fide efforts to pay.  To do otherwise would deprive the probationer of his conditional freedom simply because, through no fault of his own, he cannot pay the fine.  Such a deprivation would be contrary to the fundamental fairness required by the Fourteenth Amendment.

461 U.S. at 672-73.

At its core, *Bearden* requires that the circuit court inquire into whether an individual has the ability to make the required payments.  *Id.* at 672.  If the court determines that the individual lacks the ability to pay, it must consider alternative measures of punishment.  *Id.*  However, if the court determines that the individual "willfully refused to pay or failed to make sufficient efforts

5

legally to acquire the resources to pay, the court may revoke probation and sentence the [individual] to imprisonment within the authorized range of its sentencing authority." *Id.*

The Commonwealth argues that *Bearden* is inapplicable in this case due to the fact that the parties entered into a plea agreement. In essence, the Commonwealth asserts that when Smallwood breached the Plea Agreement by failing to pay the court costs, he lost his contractual expectancy to the dismissal of the charge against him and, therefore, the trial court's decision to convict him was not a due process violation. Stated another way, the Commonwealth seeks to draw a distinction between a deferred disposition imposed by the trial court pursuant to a statute and a deferred disposition imposed pursuant to a plea agreement. According to the Commonwealth, *Bearden* would only apply to the former.

We need not address whether such a distinction exists at this time. Assuming without deciding that *Bearden* applies, we note that the record establishes that the circuit court made the requisite inquiry. During the November 13, 2017 hearing, the circuit court specifically requested information regarding Smallwood's ability to pay his court costs. Based on the financial information offered by Smallwood and Smallwood's affirmative representation that he could pay the costs with more time, the circuit court granted him an additional year in which to make the payments. This decision clearly represents an implicit finding that Smallwood had the ability to pay if given more time.

Having determined that he had the ability to pay, the question before the circuit court was whether Smallwood made "sufficient bona fide efforts legally to acquire the resources to pay." *Id.* at 672. As the individual who would have all of the relevant information on this issue, the burden was on Smallwood to make the necessary showing. *See id.* at 673 n.12 (requiring courts to consider "whether the defendant has demonstrated sufficient efforts to comply with the terms

6

of probation"). In *Bearden*, the petitioner presented evidence regarding his lack of income and assets and his repeated attempts to obtain work, which the United States Supreme Court indicated would support a finding that the petitioner had made sufficient bona fide efforts to pay. *Id.* at 673.

Although Smallwood similarly claimed that he was not in a financial position to make any payments, he did not present any evidence in support of his claims, nor did he make any attempt to proffer such evidence. To the contrary, at the November 2018 hearing, Smallwood stated that he brought "all [his] pay stubs," confirming that he was still employed, which, given his previous affirmative representation, supports a finding that he willfully refused or failed to make sufficient bona fide efforts to pay his court costs. *Bearden* expressly holds that, under these circumstances, a court is permitted to revoke an individual's probation and sentence them. Accordingly, Smallwood's reliance on *Bearden* is misplaced.

Smallwood next argues that the Court of Appeals erred because paying costs was not a valid "term or condition" under Code § 18.2-251. He notes that Code § 18.2-251 does not specifically mention the payment of costs as a term or condition of a deferred disposition and he asserts that that imposing such a term or condition is ultra vires. We disagree.

"[W]e presume that [the General Assembly] chose with care the words it used when it enacted the statute we are construing." *Bonanno v. Quinn*, 299 Va. 722, 730 (2021). Here, the operative language of Code § 18.2-251 states that a court "may defer further proceedings and place [the individual] on probation upon terms and conditions." The statute then provides that, "[a]s *a* term or condition," the individual shall be required to "undergo a substance abuse assessment." *Id.* (emphasis added). Similarly, the statute includes several requirements that must be included "[a]s *a* condition of probation." *Id.* (emphasis added). The indefinite article

7

"a" is "used as a function word before most singular nouns . . . when the [singular noun] in question is undetermined, unidentified, or unspecified." Webster's Third New International Dictionary 1 (1993). Therefore, the use of "a" before "term or condition" and "condition of probation" indicates that the General Assembly did not intend to limit the terms or conditions that could be imposed; rather, it sought to enumerate those terms or conditions that were required to be imposed. In other words, the General Assembly intended for the list of terms or conditions included in the statute to be inclusive, not exclusive.

"Statutes that permit the trial court to impose alternatives to incarceration . . . are highly remedial and should be liberally construed to provide trial courts valuable tools for rehabilitation of criminals." *Peyton v. Commonwealth*, 268 Va. 503, 508 (2004). As such, the use of these tools lies within the broad discretion of the circuit court. *Id.* Therefore, the decision to require that Smallwood pay his court costs as a term or condition of his deferred disposition falls squarely within the broad discretion granted to the circuit court by the General Assembly.

Smallwood further insists that, even if the payment of costs was a term or condition that could be imposed under Code § 18.2-251, the circuit court erred in convicting him because neither the Plea Agreement, the Deferral Order, nor Form CC-1379 states that a failure to pay court costs would result in a conviction. He also notes that the only document that mentions any consequences for failing to pay court costs is Form CC-1379, which only provides that he could be found in contempt. Therefore, according to Smallwood, at most, the circuit court could find him in contempt and refuse to dismiss the underlying charge. Again, we must disagree.

To decide this issue, we need only look to the plain language of Code § 18.2-251, which states, "[u]pon violation of a term or condition, the court may enter an adjudication of guilt and proceed as otherwise provided." It is undisputed that the payment of court costs was included as

8

a term or condition of the Deferral Order and as discussed above, that term or condition was valid under Code § 18.2-251. As the statute expressly addressed the consequence of violating a term or condition, it was unnecessary to include similar language in the Deferral Order.

Moreover, Smallwood's contention that he was unaware that his failure to pay court costs would result in him being found guilty is belied by the Plea Agreement that he entered into and asked the circuit court to accept. The Plea Agreement specifically provided that, in exchange for his guilty plea, Smallwood's "finding of guilt and the disposition of the matter shall be deferred for one (1) year," subject to certain terms and conditions. One of these conditions was the payment of "all court costs." Thus, it is clear that Smallwood's obligation to pay court costs as an express condition of his deferred finding of guilt originated with his Plea Agreement.

Contrary to Smallwood's argument, the language of Form CC-1379 does not limit the circuit court's ability to convict him under Code § 18.2-251. Rather, Form CC-1379 simply offers the circuit court a separate avenue of penalizing Smallwood for his failure to pay court costs: a finding of contempt under Code § 19.2-358. Absent any showing that the circuit court abused its discretion, we cannot say that the circuit court erred in choosing to convict Smallwood under Code § 18.2-251 as opposed to finding him in contempt under Code § 19.2-358.

### III. CONCLUSION

For the foregoing reasons, the Court of Appeals' judgment upholding Smallwood's conviction will be affirmed.

*Affirmed.*